Chief Judge Cooke
(dissenting). Because I believe that both petitioners are entitled to the protections of section 3020-a of the Education Law against the action taken here, I am unable to concur with the majority or join fully in Judge Wachtler’s partial dissent and am constrained to dissent separately.
In my view, both Mr. Holt and Mr. Doyle have been subjected to disciplinary action sufficient to invoke the procedural protections of section 3020-a. As the partial dissent recognizes, the letters to Mr. Holt unequivocally charged him with incompetence and insubordination. The letter to Mr. Doyle, although not expressly characterizing his performance as misconduct, specified particular occasions on which he was not at his assigned duty station, referred to an earlier oral admonition and made clear that it was “necessary to remind [Mr. Doyle] of [his] lack of attention to assigned duties by letter”. Clearly, this letter was more than merely a matter of internal administration or supervision and not simply informational. The letter effectively accused Mr. Doyle of neglect of duty and a copy was sent to the president of the board of education. The letters to the teachers were made part of their personnel files. Under these circumstances, both Mr. Doyle and Mr. Holt were entitled to procedural safeguards.
That the determination of misconduct represents only one administrator’s “view” does not render the letters any less a form of disciplinary action. Indeed, the “view” expressed is now part of petitioners’ permanent files and, as the majority notes, may have some adverse effect on their employment or career prospects or may be used in *636 future disciplinary proceedings. Nor is it sufficient to say that only when formal action by the board of education is contemplated is the section 3020-a procedure available. Such an analysis of section 3020-a ignores that it is the failure to present the charges to the board in the first instance that prevents “formal” action. Quite simply, a school should not be entitled to assert misconduct on the part of a tenured teacher and then avoid the procedures for resolution of such question by refraining from filing “formal” charges. Such action subjects the teacher to the kind of arbitrary decision-making that section 3020-a was designed to avoid.
The statute requires that charges first be referred to the board of education for a determination of probable cause, following which notice of the charges and procedural rights, including the right to a hearing, are to be given to the teacher (Education Law, § 3020-a, subd 2). As the majority recognizes, section 3020-a “form [s] a critical part of the system of contemporary protections that safeguard tenured teachers from official or bureaucratic caprice” (Matter of Abramovich v Board of Educ., 46 NY2d 450, 454). Here, there have been charges and what amounts to findings of misconduct — now part of petitioners’ records— that have never been subjected to the statutorily mandated due process mechanism. Because I believe such action is unauthorized and unfair, I respectfully dissent.